**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**STEPHEN J. RUSHING**

**VERSUS**

**JOHN YEARGAIN, ET AL.**

**CIVIL ACTION**

**NO. 19-653-JWD-SDJ**

# RULING AND ORDER

## I. INTRODUCTION

This matter comes before the Court on *Plaintiff Steven J. Rushing's Motion for Reconsideration of Interlocutory Ruling on February 7, 2025* (Doc. 208) ("the *Motion*") filed by Plaintiff Steven J. Rushing ("Plaintiff" or "Rushing"). The *Motion* asks the Court to reconsider its February 7, 2025, *Ruling and Order* (the "*Ruling*") (Doc. 195), which granted the motions for summary judgment (Doc. 90; Doc. 91) filed by Defendants John Crain, Tara Dupre, Erin Watson Horzelski, and John Yeargain (collectively, "Defendants"). Plaintiff argues reconsideration is warranted under Rule 54(b) of the Federal Rules of Civil Procedure "because intervening Fifth Circuit authority issued on February 7, 2025 clarifies the governing legal standards applicable to Plaintiff's First Amendment and retaliation claims, and because revision is necessary to prevent manifest injustice." (Doc. 208 at 1.) Plaintiff thus requests that this Court vacate the dismissal of his "First Amendment, Louisiana Constitution Article I § 7, and 42 U.S.C. § 1983 retaliation claims." (*Id.* at 2.)

Defendants oppose the *Motion*. (Doc. 210). No reply was filed. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, Plaintiff's *Motion* is denied.

## II. RELEVANT STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure "allows parties to seek reconsideration of interlocutory orders and authorizes the court at any time to revise an order or other decision that does not end the action." *Doe #1 v. Board of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. 21-564, 2025 WL 1879534, at *4 (M.D. La. July 8, 2025) (citing Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)). While the court has broad discretion to decide a Rule 54(b) motion to reconsider, courts consider factors such as "whether 1) the judgment is based upon a manifest error of fact or law; 2) newly discovered or previously unavailable evidence exists; 3) the initial decision was manifestly unjust; 4) counsel engaged in serious misconduct; and 5) an intervening change in law alters the appropriate outcome." *Adams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the U.S. & Can., AFL-CIO, Loc. 198*, 495 F. Supp. 3d 392, 395 (M.D. La. 2020) (citing *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475–76 (M.D. La. 2002)).

"Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2015 WL 500876, at *1 (M.D. La. Feb. 5, 2015) (quoting *Keys v. Dean Morris, LLP*, No. 12-49, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013)). "Nevertheless, 'rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration.'" *Id.* (quoting *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995)).

Ultimately, a motion for reconsideration is an extraordinary remedy and "should be used sparingly in the interest of finality and [conservation] of judicial resources." *MMR Constructors, Inc. v. JB Grp. of LA, LLC*, No. 22-267, 2025 WL 2499086, at *2 (M.D. La. July 2, 2025) (quoting *Dixon v. D.R. Horton, Inc. - Gulf Coast*, No. 22-01005, 2023 WL 2486587, at *2 (M.D. La. Feb. 24, 2023)). "The court should deny a motion for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment." *Doe #1*, 2025 WL 1879534, at *4 (citing *Adams*, 495 F. Supp. 3d at 396).

## III. Discussion

### A. Parties' Arguments

Plaintiff first argues that the Fifth Circuit's unpublished opinion in *Biggers v. Massingill*, No. 23-11023, 2025 WL 429974 (5th Cir. Feb. 7, 2025) "clarifies the applicable standard for material issues that directly bear on this Court's analysis, warranting reconsideration." (Doc. 208-1 at 3.) Plaintiff claims *Biggers* and the case before this Court both involve, "(1) a limited public forum, (2) a presiding official invoking 'decorum' or 'disruption' as justification, (3) the silencing of a speaker who sought to criticize institutional actors, and (4) allegations that the stated reasons for removal were simply pretexts for viewpoint discrimination." (*Id.* at 5.) Thus, "these allegations plausibly suggest that Defendants violated a clearly established constitutional right." (*Id.*)

Plaintiff also asserts that this Court's interpretation of "public concern" was too narrow. (*Id.* at 2.) Plaintiff's remaining arguments reallege issues he raised or could have raised in opposition to Defendants' motions (Doc. 90; Doc. 91). Specifically, Plaintiff alleges his communications were protected by the First Amendment, and Horzelski and Yeargain denied him the opportunity to speak. (*Id.* at 5–14.) Additionally, Plaintiff argues Defendants' actions constitute retaliation in violation of 42 U.S.C. § 1983. (*Id.* at 14–16.)

Defendants respond that the *Biggers* decision should not influence this Court's ruling because this Court dismissed Plaintiff's claims against Dupre, Horzelski, and Yeargain for lack of standing and against Crain for failure to show a violation of a constitutional right. (Doc. 210 at 4.) In *Biggers*, on the contrary, the Fifth Circuit found that the lower court erred because its qualified immunity analysis failed to address whether there was a violation of a constitutional right. (*Id.*) "Plaintiff's characterization of the decision is incorrect and materially misrepresents the Fifth Circuit's holding." (*Id.* at 3.) "Plaintiff's Motion is completely devoid of any reason or argument as to why reconsideration is warranted aside from *Biggers*." (*Id.* at 5.) Defendants also contend that the remainder of the *Motion* is an attempt to rehash the arguments the *Ruling* addressed at length. (*Id.* at 6.) Therefore, Defendants argue that Plaintiff "fails to show sufficient reason for the Court to reconsider" the *Ruling*, and the *Motion* should be denied. (*Id.*)

### B. Analysis

Plaintiff has not presented the Court with substantial reasons for reconsideration. Accordingly, none of Plaintiff's arguments persuade this Court to reach a conclusion different from the one reached in the *Ruling* (Doc. 195).

#### 1. *Biggers v. Massingill* is inapplicable.

Plaintiff argues the *Biggers* opinion "provides persuasive authority on the material issues in this case that were not previously addressed by published Fifth Circuit precedent." (Doc. 208-1 at 3.) Specifically, Plaintiff claims *Biggers* clarifies "that allegations of viewpoint discrimination and pretextual reliance on the alleged 'disruption' are fact-intensive and not suitable for summary judgment." (*Id.* at 2.) Defendants assert this characterization of *Biggers* "is incorrect and materially misrepresents the Fifth Circuit's holding." (Doc. 210 at 3.) The Court agrees with Defendants.

In *Biggers*, the plaintiff, Steve Biggers, spoke during the open-comment period at multiple public meetings, and he criticized public officials during his speeches. *Biggers*, 2025 WL 429974, at *1. Biggers was removed from each of these meetings. *Id.* The supposed reason for his removal was enforcement of a decorum rule, but Biggers alleged he was removed due to the viewpoint expressed in his speech. *Id.* The lower court granted the defendant's motion to dismiss based on qualified immunity. *Id.* The Fifth Circuit overturned this ruling because the lower court "did not address the first qualified immunity prong, but Biggers's allegations plainly satisfy it." *Id.* at *2. The court found that Biggers's allegations, if proven, would clearly show a First Amendment violation. *Id.*

The *Biggers* opinion involves a ruling on a motion to dismiss at the pleadings stage, not a motion for summary judgment, and finds reversible error from the lower court's failure to analyze the first prong of the qualified immunity analysis. *Id.* This Court, on the contrary, dismissed the federal claims against Dupre, Horzelski, and Yeargain for lack of standing, and therefore, did not need to perform a qualified immunity analysis. (Doc. 195 at 43.) Additionally, the federal claims against Crain were dismissed because Plaintiff did not carry his summary judgment burden and failed to show a violation of his First Amendment right. (*Id.* at 50–51.) Thus, the Court dismissed the claims against Crain under the first prong of the qualified immunity analysis. Accordingly, the Fifth Circuit's opinion in *Biggers* is inapplicable to this case and does not provide a reason for the Court to reconsider its *Ruling*.

**2. Plaintiff's other arguments are unsupported and unavailing.**

Plaintiff claims this Court's construction of the term "public concern" was too narrow. (Doc. 208-1 at 2.) He does not, however, provide the Court with any argument to support this contention or to connect any authority cited in the *Memorandum in Support* (Doc. 208-1) to the

contention. The Court assumes Plaintiff meant to assert that the Court's use of the "malfeasance, corruption or breach of the public trust" interpretation of "public concern" was too narrow and that the proper construction includes speech that can "be fairly considered as relating to any matter of political, social, or other concern to the community" or that "is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." (*See id.* at 7 (quoting *Bevill v. Wheeler*, 103 F.4th 363, 375 (5th Cir. 2024)).) "It is well established that speech exposing or otherwise addressing malfeasance, corruption or breach of the public trust, . . . touches upon matters of public concern." (Doc. 195 at 34 (quoting *Graziosi v. City of Greenville*, 775 F.3d 731, 738 (5th Cir. 2015)); *Bevill*, 103 F.4th at 376 (quoting *Graziosi*, 775 F.3d at 738).) And as noted in the *Ruling*, Plaintiff claimed he spoke or attempted to speak about fraud and misconduct within the university. (Doc. 195 at 34 (citing Doc. 98 at 28).) Thus, the Court's use of the "malfeasance, corruption or breach of the public trust" construction of "public concern" was consistent with what Plaintiff argued was the content of the communications and also was consistent with Fifth Circuit precedent. Therefore, reconsideration is not warranted.

Plaintiff also argues reconsideration is warranted because this Court "resolved disputed facts regarding forum rules, alleged disruption, and motive in Defendants' favor." (Doc. 208-1 at 2.) Neither the *Motion* nor the *Memorandum in Support* addresses which portions of the *Ruling* allegedly resolved disputed facts in Defendants' favor. Instead, Plaintiff attempts to re-argue that his speech and attempted speech are protected by the First Amendment and again claims he "intended to address matters of significant public concern through his proposed agenda items and incidental motions" at the September 26, 2018, and October 3, 2018, meetings. (Doc. 208-1 at 5–9.) Plaintiff also rehashes his arguments that he was denied the opportunity to speak and subjected to retaliation in violation of the First Amendment. (*Id.* at 9–16.) "The court should deny a motion

for reconsideration when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment." *Doe #1*, 2025 WL 1879534, at *4 (citing *Adams*, 495 F. Supp. 3d at 396). Because Plaintiff raised or could have raised these arguments in his opposition briefs prior to the Court's *Ruling*, Plaintiff's *Motion* will be denied.

## IV. CONCLUSION

Accordingly, the *Plaintiff Steven J. Rushing's Motion for Reconsideration of Interlocutory Ruling on February 7, 2025* (Doc. 208) is **DENIED**, as described herein.

Signed in Baton Rouge, Louisiana, on September 11, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**